UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAY SCOTT HEID, | : | Case No. 1:16-cv-398 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN, ROSS CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY
(1) ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 15), and
(2) OVERRULING PETITIONER'S OBJECTIONS (Doc. 18)**

## I. INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and memoranda filed with this Court, and on May 22, 2017, submitted a Report and Recommendations. (Doc. 15). On June 19, 2017, Petitioner filed objections ("Objections"). (Doc. 18).

## II. ANALYSIS

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does

determine that such Report and Recommendations (Doc. 15) should be and is hereby adopted in its entirety and Petitioner's Objections (Doc. 18) should be and are overruled.

First, Petitioner argues that the statute of limitations in 28 U.S.C. § 2244(d)(1)(B) applies because his trial attorney's statement that he "could not appeal" his sentence was a State-created "impediment to filing" a timely habeas application. (Objections at 2-5). This argument fails. The Sixth Circuit has consistently held that a State-created impediment to an <u>appeal</u> does not invoke the limitations period of § 2244(d)(1)(B) because it is not an impediment to filing a timely <u>habeas application</u>. *See Winkfield v. Bagley*, 66 Fed. Appx. 578, 582-83 (6th Cir. 2003) (holding the ineffectiveness of petitioner's counsel—which caused petitioner to miss the appeal deadline—was not an "impediment" to filing a timely habeas application because "[petitioner] has not alleged that [his attorney] erroneously informed him he had no federal remedies."); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (rejecting petitioner's argument that the state's failure to give him notice of his right to appeal at sentencing invoked § 2244(d)(1)(B) because petitioner did not explain how that precluded him from timely filing a habeas application); *see also Baker v. Wilson*, No. 5:06cv1547, 2009 U.S. Dist. LEXIS 127704, at * 16 (N.D. Ohio Jan. 15, 2009) ("The Sixth Circuit is joined by several other courts in finding that the state-created impediment must prevent the petitioner from filing a federal habeas action, not just a direct appeal in state court."); *adopted at* 2009 U.S. Dist. LEXIS 8922 (N.D. Ohio Feb. 6, 2009).

Second, Petitioner argues that the statute of limitations in § 2244(d)(1)(D) applies because Petitioner filed this petition within one year from "the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Objections at 8-11). Similarly, Petitioner argues the statute of limitations should be equitably tolled. (*Id.* at 11-14). The Court does not agree. Petitioner waited six years to file a "delayed" appeal and almost eight years to file this habeas petition. As explained in detail by the Magistrate Judge, the factual basis for Petitioner's claims were available at the time of his sentencing, and in any event, the record simply does not support the conclusion that Petitioner "diligently" pursued his rights in a manner sufficient to invoke § 2244(d)(1)(D) or the doctrine of equitable tolling. (R&R at 16-24).

Third, Petitioner argues that applying the statute of limitations will deny him a "fundamental right to appeal." (Objections at 15-17). As explained by the Magistrate Judge, this claim fails because Petitioner has not presented any new evidence that supports a claim of actual innocence sufficient to invoke the "miscarriage of justice" exception to habeas procedural defaults. (R&R at 24-25).

Fourth, Petitioner argues that the Magistrate Judge should have recommended that the Court issue a certificate of appealability. (Objections at 18). This argument fails. The Court agrees with the Magistrate Judge that jurists of reason would not find it debatable whether the Court is correct it its procedural ruling. (R&R at 26).

### III. CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss (Doc. 9) is **GRANTED** and Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** with prejudice on the ground that it is time-barred;

2. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith;

3. No certificate of appealability shall issue; and

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 9/22/17

*Timothy S. Black*
Timothy S. Black
United States District Judge